JAMES F. MOONEY, Respondent, *v.* JOHN LOUGHLIN, Appellant.

*Court of Appeals, May* 13, 1887.

*Appeal. Findings of referee conclusive.*—Where there is any conflict in the evidence in regard to the matters in issue, the findings of a referee approved by the general term are conclusive upon the court of appeals. This is sufficient to deprive the latter court of jurisdiction to weigh the evidence.

Appeal from a judgment of the general term of the supreme court, affirming judgment entered upon report of referee.

*Roger A. Prior*, for appellant.

*D. G. Harriman*, for respondent.

DANFORTH, J.—On the 24th of February, 1882, the defendant of the first part, and Fickett & Co., of the second part, entered into an agreement by which Fickett & Co. undertook to do certain work upon St. Mary's hospital, in accordance with drawings and specifications made by one Keeley, an architect, and to finish the same to his satisfaction and under his direction. The plaintiff is not a party to that contract, but it is conceded that he did work and furnished materials necessary for the completion of the building, to the amount of $571.76. Not being paid he sued the defendant, alleging that the work was done and the materials furnished for the defendant and for his benefit.

30

The defendant answered, denying. that he, either himself or by any authorized agent, employed the plaintiff to do the work.

.Upon the pleadings, therefore, the only issue was as to the liability of the defendant to pay for work and materials, the benefit of which, according to the pleadings, he enjoys.

The issue was referred to a referee, and he, after hearing the evidence, at the defendant's request, found : *first*, that the plaintiff did the work under the instructions of P. C. Keeley ; *second*, that Keeley was the architect of the hospital.　He also found that Keeley acted as agent of the defendant, and further found that the defendant subsequently ratified the action of Keeley, accepted and is now using and enjoying the benefits of the plaintiff's work and materials.　He found the value as above stated.

Upon appeal to the general term the judgment entered upon the report of the referee was affirmed and, from the decision then made, this appeal is taken.

The learned counsel for the appellant contends in the first place that there was no evidence of authority in Keeley to contract with the plaintiff for the work in suit ; second, that the defendant never ratified the appointment by Keeley ; and, lastly, that the judgment is wrong because of the admission by the referee of improper evidence, without which the plaintiff's case was not made out ; in other words, that the evidence was insufficient to charge the defendant with liability for the plaintiff's claim.　He concedes that, if there is any conflict in the evidence in regard to the matters in issue, the findings of the referee and the decision of the general term would be conclusive upon this court, and fatal to his appeal.

The only question then is as to the evidence presented by the parties.

That Keeley was the architect and superintendent of the construction of the building referred to is established beyond question.　One of the firm of Fickett & Co. testified

that the plaintiff was employed to do all the painting on the hospital that they had agreed to do under the contract, but that the work in question was outside the contract and not included in it.

The plaintiff testified that, after completing the work now in question, he presented his bill to the defendant, who looked at it and asked him, "What appeared to be the trouble? Was not the work done?" Plaintiff said: "It was," and the defendant said: "You know I know nothing about this work. Mr. Keeley looks after all this work for me, and I cannot pay this bill." Plaintiff said: "Why, Bishop; is not Mr. Keeley your agent?" He said: "He is, and therefore I cannot pay you without his signature to your bill; I will see Mr. Keeley and let you know shortly. Please call again." Plaintiff did so, and defendant examined the bill, and asked who ordered the work to be done? and then said: "This should be left to arbitration." "He asked me to leave the bill with him, and I did so." He objected to no part of the bill." The defendant subsequently told the plaintiff: "Mr. Keeley says he never ordered you to do any work. The defendant then advised plaintiff to see Mr. Keeley again.

The plaintiff further testified that the work was done in pursuance of directions received by him from Mr. Keeley; and, further, that he told Keeley that the things required were extra; and Keeley told him, "They will have to be looked after and taken care of. You make them the same as the rest of the work."

Upon cross-examination by the defendant, he not only reiterated the testimony before giving as to directions received from Keeley, but, being asked as to the authority he understood Mr. Keeley to have, answered, "I understood he had entire authority to do more or less work, or have me do anything he saw fit;" and also, "I consider Mr. Keeley's orders as completely binding on the defendant."

Further, in answer to the counsel for the defendant, he

said : " I understood he was defendant's agent, for all purposes, on that building." .

The defendant was examined as a witness and proved that Keeley was the architect of the hospital. He denied that Keeley had any authority to act for him outside of the contract, and that, personally, henev er employed Mr. Mooney to do any work on the hospital.

Keeley, examined for the defendant, substantially contradicted the plaintiff, so far as his memory served him. With regard to the extra work, as described by plaintiff, his testimony tends to corroborate the plaintiff concerning the change of color and requiring the panels of the doors to be made lighter, and the stiles darker.

He also testifies that extra work was done besides what was mentioned in the contract, that some was ordered by Sister Ermiliana, who by the terms of the contract, was authorized to make additions or require deviations from its provisions. He cannot state positively that he himself did not order some extra work.

In any view of the evidence the work was done, the materials were furnished, and now from part of the structure referred to in the contract. If, on the defendant's evidence, the work was such as the contractor should have performed, on the plaintiff's evidence it was extra work, ordered by the architect, by him deemed necessary in the construction of the building, to the benefit of which the defendant has succeeded, and there seems to be no legal reason why the plaintiff should not be paid according to his claim. It was for the referee to determine which of the two sets of witnesses he would believe, and what inferences he would draw from the facts stated by them. There is enough on the plaintiff's side to make out a case ; and that is sufficient to deprive this court of jurisdiction to weigh the evidence.

We think the facts found by the referee are not conjectural, merely, but are supported by evidence, and upon those facts the plaintiff was entitled to judgment. The exceptions

to evidence have been examined. They are general and not specific in form, and point to no substantial error.

The judgment should be affirmed.

All concur, except RAPALLO J., dissenting, and EARL, J., not voting.